IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMANDA D. BUCCELLATO                                                                            PLAINTIFF

v.                                              CIVIL NO. 25-3034

FRANK BISIGNANO, Commissioner
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Amanda D. Buccellato, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on April 12, 2022, alleging an inability to work since May 1, 2021, due to anxiety, memory loss, arthritis, nervous system issues, a prolapsed bladder, stomach issues, and a ruptured disc. (Tr. 101, 265, 286). An administrative telephonic hearing was held on April 17, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 39-75).

By written decision dated June 10, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17).

Specifically, the ALJ found Plaintiff had the following severe impairments: anxiety, neurocognitive disorder, degenerative disc disease of the lumbar spine, asthma, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that with normal breaks, this individual can sit for a total of 6 hours in an 8-hour day and stand/walk for a total of 6 hours in an 8-hour day. This individual can have no more than occasional exposure to pulmonary irritants such as fumes, odors, dust, gases, poorly ventilated areas, and industrial chemicals. This individual can perform simple and repetitive tasks with detailed, but not complex, instructions; can use judgment to make simple work-related decisions; can have occasional interaction with the general public, co-workers, and supervisors; and can have occasional changes in a routine work setting.

(Tr. 20). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an apparel stock checker, a merchandise marker and a shipping weigher. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on April 8, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF No. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.  Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

**III.    Discussion:**

The regulations governing the consideration of medical opinions were revised for claims filed on or after March 27, 2017. Plaintiff filed her claims for DIB and SSI on April 12, 2022. Accordingly, the ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under this Regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors – supportability, consistency, the medical source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies and their familiarity with other evidence in the claim. 20 C.F.R. § 404.1520c(c). ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b). These regulations require the ALJ to discuss, at a minimum, the supportability and consistency of a medical opinion.

In this case, the ALJ's discussion of the non-examining and examining medical consultants' opinions consists of the following:

> The undersigned has fully considered the medical opinions and prior administrative medical findings as follows: state agency medical examiners Drs. Darrin Campo and Rachel Morrisey and Drs. Lucy Sauer and Diane Kogut reviewed the record at the initial and reconsideration levels, respectively, and found the claimant was able to perform unskilled work at the light exertional level. The initial level assessments also include postural, vibration, and hazard limitations; but at the reconsideration level, Dr. Sauer only found additional limitations on pulmonary

> irritants…Although these professionals were non-examining, they are well-versed in the assessment of functionality as it pertains to the disability provisions of the Social Security Act, as amended. They reviewed the medical evidence of record and provided specific reasons to support their assessments based on the evidence available to them. The reconsideration determinations are more consistent with the undersigned's independent review (see treatment record synopsis above, including that the claimant treats her pain with over-the-counter medications, has normal knee imaging, and testified at the hearing that her daily pain is 3-4/10-but also has pulmonary findings and treatment for depression and anxiety with ongoing symptoms). For this reason, the undersigned finds the reconsideration physical assessments persuasive. Regarding the assessment of unskilled work, the undersigned finds this only partly persuasive, since treatment records also showed that the claimant most often showed no signs of depression or anxiety, and that she also performs activities such as helping home-school her child.
>
> The undersigned also considered the assessments of Ms. Emory Kindworth, APRN, whose consultative physical examination performed in September 2022 was previously outlined above. Ms. Kindworth assessed the claimant with mild limitations in walking; and moderate limitations in lifting, bending, and carrying…The undersigned finds these assessments to be inconsistent with objective findings of her own exam (and other exams), including evidence of normal range of motion, negative straight leg raises, normal hand grip, and normal strength.

(Tr. 28).

In this case, ALJ failed to articulate the persuasiveness given to the medical opinions regarding Plaintiff's physical capabilities (Dr. Campo and APRN Kindworth) and failed to discuss the two factors of supportability and consistency with respect to each medical opinion. The ALJ's failure to comply with the opinion-evaluation Regulation warrants remand. *Bonnett v. Kijakazi*, 859 Fed.Appx. 19 (8th Cir. 2021) (unpublished) (citations omitted); *Brandy B. v. Dudek*, No. 4:25-CV-394 SRW, 2025 WL 3227484, at *5 (E.D. Mo. Nov. 19, 2025) (An ALJ must articulate how persuasive he found all medical opinions and prior administrative medical findings in a claimant's case record). On remand, the ALJ must fully evaluate the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c. The ALJ should then re-evaluate Plaintiff's RFC and specifically list

in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of February 2026.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE