IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMANDA D. BUCCELLATO                                                      PLAINTIFF

v.                          CIVIL NO. 3:25-03034-CDC

FRANK BISIGNANO, Commissioner
Social Security Administration                                           DEFENDANT

## ORDER

Plaintiff Amanda D. Buccellato appealed the Commissioner's denial of benefits to this Court. On February 24, 2025, the undersigned reversed the decision of the Commissioner and remanded Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 14, 15).

**1.     Background**

On May 5, 2026, Plaintiff filed a Motion seeking an award of legal fees in the amount of $5,841.60 under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). (ECF No. 17). A joint stipulation subsequently was filed on May 11, 2026, reflecting an agreement by the parties that the amount of fees awarded to Plaintiff should be $1,500.00. (ECF No. 18).

**2.     Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.") An EAJA application must be made within thirty

1

days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See*

2

*Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990).  Pursuant to General Order 39[1], which references the CPI- South Index, the Court has determined that enhanced hourly rates based on a cost-of-living increase is appropriate.

**3.    Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 15).  The Court first construes Defendant's lack of objection concerning substantial justification and prevailing party status as an admission that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504.  Here, the work of Plaintiff's legal time was completed during 2025 and 2026, and the Court finds the CPI-South Index authorized an hourly rate of $252 during 2025 and a rate of $257 during 2026.  Plaintiff's Motion sought to be awarded fees for 22.05 hours of attorney work during 2025-2026 at the rate of $252, and for 3.80 hours of paralegal work at the hourly rate of $75; the total request was $5,841.60.

Dividing the proposed stipulation of $1,500.00 by the applicable hourly rate of $252 equates to 5.95 hours spent on this matter.  While the parties' Stipulation is non-binding and not necessarily a practice the undersigned wishes to encourage, the undersigned is willing to approve the Stipulation reached by counsel in this instance.  The Court thus **GRANTS** Plaintiff's Motion

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2025 – 307.007 x 125 divided by 152.4 (March 1996 CPI –South) = $251.81~$252.00.

2026 – 313.675 x 125 divided by 152.4 (March 1996 CPI-South) = $257.28~$257.00.

for Attorney's Fees (ECF No. 17) and pursuant to the parties' Stipulation awards Plaintiff attorney's fees for the sum of **$1,500.00.**

Plaintiff's award of **$1,500.00** should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant but may be mailed to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**IT IS SO ORDERED** this 14th day of May 2026.

*Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE